UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| MASSIMILIANO DELLAGUARDIA, | ) | CASE NO. C06-1378-MJP-MAT |
| Petitioner, | ) | |
| v. | ) | ORDER GRANTING TEMPORARY STAY OF REMOVAL |
| ALBERTO R. GONZALES, et al., | ) | |
| Respondents. | ) | |

On September 22, 2006, petitioner filed, with the assistance of the Federal Public Defender, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. At the same time, petitioner filed a Motion for Stay of Removal Pending Disposition of Habeas Petition. (Dkt. #1, Part 5). Petitioner requests that this Court issue an order staying his removal to Ethiopia by U.S. Immigration and Customs Enforcement ("ICE") pending the disposition of his habeas petition. Petitioner asserts that he is a derivative United States citizen pursuant to section 321(a)(3) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1431(a)(3)(repealed 2000), because his parents were legally separated and he was in the sole custody of his mother and under the age of eighteen when she was naturalized in May 2005. *Minasyan v. Gonzales*, 401 F.3d 1069 (9th Cir.

ORDER GRANTING
TEMPORARY STAY OF REMOVAL
PAGE -1

2005)(setting forth criteria for derivative citizenship under former § 1431(a)).

Accordingly, the Court does hereby find and ORDER:

(1) Petitioners' request for a temporary stay of removal pending a decision on the merits of this case (Dkt. #1, Part 5) is GRANTED. The standard of review for a stay of removal is set forth in *Abassi v. INS*, 143 F.3d 513, 514 (9th Cir. 1998); *see also Andreiu v. Ashcroft*, 253 F.3d 477, 483 (9th Cir. 2001)(en banc)(concluding that 8 U.S.C. § 1252(f)(2) does not limit the power of federal courts to grant a stay of removal). Under *Abassi*, petitioner must show either: (1) the probability of success on the merits plus the possibility of irreparable harm, or (2) that serious legal questions are raised and the balance of hardship tips in petitioner's favor. *Abassi*, 143 F.3d at 514.

After a review of the allegations set forth in the habeas petition, the Court finds that petitioner meets the second part of the *Abassi* test. Petitioner raises substantial statutory and constitutional questions regarding the propriety of ICE to detain him. Petitioner also demonstrates that the balance of hardships tips in his favor. As petitioner argues, as a United States citizen his removal would cause irreparable injury and deprive him of his right to challenge his detention by ICE through the judicial process. Furthermore, ICE may effectuate his removal, after review by this Court, if ICE demonstrates that petitioner's detention is constitutionally and statutorily appropriate.

(2) The Court expresses no views at this time as to the merits of petitioners' habeas petition.

/ / /

/ / /

ORDER GRANTING
TEMPORARY STAY OF REMOVAL
PAGE -2

    (3) The Clerk shall direct a copy of this Order to all counsel of record, and shall forward a copy of this Order to Judge Theiler.

    DATED this 26th day of ____September____, 2006.

*Marsha J. Pechman*
U.S. District Judge

Recommended for Entry
this 25th day of September, 2006.

s/ Mary Alice Theiler
United States Magistrate Judge

ORDER GRANTING
TEMPORARY STAY OF REMOVAL
PAGE -3