01

02

03

04

05

06

07

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

08  MASSIMILIANO DELLAGUARDIA,    )   CASE NO. C06-1378-MJP
   )
09        Petitioner,             )
   )
10      v.                       )
   )
11                                )   REPORT AND RECOMMENDATION
  ALBERTO R. GONZALES, et al.,     )
12                                )
       Respondents.          )
13  _____)

14                I.   INTRODUCTION AND SUMMARY CONCLUSION

15        On September 26, 2006, petitioner Massimiliano Dellaguardia, proceeding through

16  counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his

17  continued detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Dkt. #3).

18  Petitioner argues that ICE lacks the constitutional and statutory authority to detain him because

19  he obtained derivative United States citizenship in 1995 when his mother became a naturalized

20  citizen. *Id.* On January 12, 2007, respondents filed a Return and Motion to Dismiss, indicating

21  that petitioner was released from custody on October 19, 2006, and that petitioner's removal

22  proceedings were terminated on January 10, 2007. (Dkt. #17). Respondents assert that because

REPORT AND RECOMMENDATION
PAGE -1

01  petitioner is no longer detained by ICE, petitioner's habeas petition should be denied and

02  dismissed as moot.  *Id.*  Petitioner does not dispute that his habeas petition should be dismissed,

03  but requests that this Court issue an Order finding that petitioner "derived his United States

04  citizenship pursuant to 8 U.S.C. § 1431(a)(3) on May 3, 1995, when his mother, Belainesh

05  Woldeab Habtai became a naturalized United States Citizen."  (Dkt. #22, Proposed Order of

06  Dismissal).  Respondents reply that this Court lacks jurisdiction to make a determination regarding

07  petitioner's citizenship.  (Dkt. #23).

08          Having carefully reviewed the entire record, I recommend that petitioner's habeas petition

09  (Dkt. #3) be dismissed as moot.

10                        II.  BACKGROUND AND PROCEDURAL HISTORY

11          Petitioner Massimiliano Luigi Dellaguardia was born in April 1978 in Asmara, Ethiopia

12  (now Eritrea).  (Dkt. #19 at L2).  On January 12, 1984, petitioner and his parents were admitted

13  to the United States as refugees.  (Dkt. #19 at L2, R1).  Petitioner's parents separated in June

14  1984, and petitioner moved to Seattle, Washington with his mother.  (Dkt. #22, Exs. A and B).

15  Petitioner adjusted his status to lawful permanent resident on June 17, 1986, retroactive to his date

16  of admission.  (Dkt. #19 at R105).  On May 3, 1995, petitioner's mother became a naturalized

17  United States citizen.  (Dkt. #22, Ex. D).  On or about November 6, 1998, petitioner was

18  convicted in the Kent Municipal Court of Fourth Degree Assault, Domestic Violence, and was

19  sentenced to 365 days confinement.  (Dkt. #19 at R202, 372).

20          On or about July 2, 1999, the former Immigration and Naturalization Service [1] ("INS")

21  ───────────────────

22          [1] Effective March 1, 2003, the Immigration and Naturalization Service was abolished
    pursuant to the Homeland Security Act of 2002, 116 Stat. 2135, Pub. L. 107-296, *codified at* 6

REPORT AND RECOMMENDATION
PAGE -2

01 issued a Notice to Appear, placing petitioner in removal proceedings and charging petitioner with

02 removability based on his 1998 conviction.  (Dkt. #19 at R373-75).

03       On May 9, 2000, while his removal proceedings were pending, petitioner filed an

04 Application for Certificate of Citizenship, which the INS District Director denied.  (Dkt. #19 at

05 R244-47, R265-67).  Petitioner appealed the denial of his citizenship application to the

06 Administrative Appeals Unit, who dismissed the appeal on October 17, 2000.  (Dkt. #19 at R268,

07 L227-29).  Petitioner did not appeal this decision or file a Petition for Review with the Ninth

08 Circuit.

09       On March 1, 2001, petitioner failed to appear for his removal proceedings and was ordered

10 removed *in absentia* to Ethiopia.  (Dkt. #19 at R370).  Petitioner did not surrender for removal

11 as ordered.  (Dkt. #19 at R406, L239).  On November 10, 2003, petitioner was taken into

12 immigration custody following his arrest by the Seattle Police Department.  (Dkt. #19 at R356).

13       On March 2, 2004, petitioner filed his first habeas petition, challenging his continued

14 detention.  (Dkt. #19 at L258-62);*See DellaGuardia v. Ashcroft*, Case No. C04-367-RSL-RSM.

15 Petitioner was subsequently released by ICE on March 30, 2004, and his habeas petition was

16 dismissed as moot.  *DellaGuardia v. Ashcroft*, Case No. C04-367-RSL-RSM (Dkt. #15); (Dkt.

17 #19 at L277-281).

18       Petitioner was taken back into immigration custody on September 11, 2006.  (Dkt. #19

19 at L282-83).  At that time, ICE indicated that it had been working with the Embassy of Ethiopia

20 to secure a travel document to that country, and that petitioner would remain detained pending

21 —————————————

22 U.S.C. § § 101, *et seq.*, and its immigration functions were transferred to the Department of Homeland Security ("DHS").

REPORT AND RECOMMENDATION
PAGE -3

01   his removal. *Id.* On September 22, 2006, petitioner filed the instant habeas petition and a motion

02   for stay of removal. (Dkt. #1). The Court subsequently granted a temporary stay of removal

03   pending a decision on the merits of this case. (Dkt. #8).

04          On October, 16, 2006, petitioner's parents filed a Decree of Legal Separation and Findings

05   of Fact and Conclusions of Law in the King County Superior Court. (Dkt. #22, Exs. A & B). The

06   Decree and Findings of Fact indicate that petitioner's parents were married on May 25, 1977, and

07   separated on June 4, 1984. *Id.* Thereafter, attorneys for petitioner sent a letter to respondents,

08   setting forth petitioner's claim that he derived United States citizenship from his mother under 8

09   U.S.C § 1432(a), as a result of his mother's naturalization on May 3, 1995. (Dkt. #22 at 3). On

10   October 19, 2006, petitioner was released from ICE custody pursuant to an Order of Supervision.

11   (Dkt. #17, Ex. A). Additionally, Immigration Officials moved to dismiss petitioner's removal

12   proceedings. (Dkt. #17 at 3, Dkt. #22, Ex. D). On January 10, 2007, petitioner's removal

13   proceedings were terminated without prejudice. (Dkt. #17, Ex. B). Once petitioner's removal

14   proceedings were terminated, the order of supervision also terminated.

15          On January 12, 2007, respondents filed a return and motion to dismiss. (Dkt. #17).

16   Petitioner filed a response on February 26, 2007, Dkt. #22, and respondents filed a reply on March

17   2, 2007, Dkt. #23. The habeas petition and motion to dismiss are now ready for review.

18                            III. <u>DISCUSSION</u>

19          On September 22, 2006, petitioner filed the instant habeas petition, challenging the

20   constitutional and statutory authority of ICE to detain him because he had derived United States

21   citizenship. (Dkt. #3 at 3-5). Petitioner was subsequently released from custody on October 19,

22   2006, and petitioner's removal proceedings were terminated without prejudice on January 10,

REPORT AND RECOMMENDATION
PAGE -4

01  2007.  (Dkt. #17).  Respondents argue that petitioner's habeas petition should be denied and

02  dismissed as moot because he is no longer detained by ICE.  *Id.*  Petitioner concedes that his

03  habeas petition should be dismissed, but asks this Court to grant him derivative citizenship status

04  pursuant to former 8 U.S.C. § 1432(a).[2] Petitioner claims that the parties agree that he is a United

05  States citizen, and that the Court should find that petitioner meets the criteria for derivative

06  citizenship status under 8 U.S.C. § 1432(a).  (Dkt. #22).  Respondents argue in opposition that

07  petitioner has not followed the proper procedures to raise a citizenship claim, and, therefore, this

08  Court lacks authority to consider the merits of petitioner's claim of derivative U.S. citizenship.

09  (Dkt. #23).  The Court agrees with respondents that petitioner's claim of derivative citizenship is

10  not properly before this Court.

11          Where an individual is not in removal proceedings, he must seek citizenship by filing an

12  Application for Certificate of Citizenship (Form N-600) with the U.S. Citizenship and Immigration

13  Services ("USCIS").  8 C.F.R. § 341.1.  If the application for a certificate of citizenship is denied,

14  he may appeal the denial to the Administrative Appeals Unit.  8 C.F.R. § 322.5(b).  An applicant

15  whose appeal is denied may seek judicial review under 8 U.S.C. § 1421(c).

16  _____

17      [2] The former INA § 321(a) stated, in relevant part, as follows:
    (a) A child born outside of the United States of alien parents . . . becomes a citizen of the

18  United States upon fulfillment of the following conditions:
            . . .

19          (3) The naturalization of the parent having legal custody of the child when there
    has been a legal separation of the parents . . . and if

20          (4) Such naturalization takes place while such child is under the age of eighteen
    years; and

21          (5) Such child is residing in the United States pursuant to a lawful admission for
    permanent residence at the time . . . the parent naturalized under clause . . . (3) of this
    subsection . . .

22  8 U.S.C. § 1432(a)(3) (repealed 2000).

REPORT AND RECOMMENDATION
PAGE -5

01
02
03

> A person whose application for naturalization is denied may seek review of such denial before the United States District Court for the district in which such person resides.  Such review shall be de novo and the court shall make its own findings of fact and conclusions of law and shall at the request of the petitioner conduct a hearing de novo on the application.

04 8 U.S.C. § 1421(c).[3]

05     Here, petitioner has not shown that he applied for a certificate of citizenship by filing a

06 Form N-600 application with USCIS.  Accordingly, there is no administrative determination to

07 review, and this Court lacks subject matter jurisdiction to adjudicate petitioner's claim of

08 derivative citizenship.

09     Because petitioner is no longer in ICE custody, the Court finds that petitioner's habeas

10 petition should be dismissed as moot.  *See, e.g., Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir.

11 1992) (holding that the District Court properly dismissed plaintiff's claims that had become moot

12 or unripe).[4]

13

14

---

15
16    [3] An applicant whose naturalization application remains pending without a decision for more than 120 days after the initial interview may also seek judicial relief under 8 U.S.C. § 1447(b).

17
18
19
20
21
22    [4] Petitioner argues that the mootness doctrine should not apply because "the threat that ICE will take action to remove Mr. Dellaguardia still remains." (Dkt. #22 at 7 n. 4).  For a federal court to have jurisdiction, "an actual controversy must exist at all stages of the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002).  "When a controversy no longer exists, the case is moot." *Id.*  An exception to the mootness doctrine exists for cases that are "capable of repetition, yet evading review." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982).  To satisfy the "capable of repetition, yet evading review" exception, "there must be a 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party." *Id.* at 482.  Here, however, petitioner's contention that he may be detained and subject to removal proceedings again is based on a mere theoretical possibility, not a "reasonable expectation" or "demonstrated probability." *See id.*  Accordingly, the Court finds that petitioner's habeas petition is now moot.

REPORT AND RECOMMENDATION
PAGE -6

01

IV.  <u>CONCLUSION</u>

02          For the foregoing reasons, I recommend that this the action be dismissed as moot.  A

03  proposed Order accompanies this Report and Recommendation.

04          DATED this <u>20th</u> day of June, 2007.

05

06                                                    _____
                                                       Mary Alice Theiler
                                                       United States Magistrate Judge
07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

REPORT AND RECOMMENDATION
PAGE -7